Of Counsel:
MILLER SHEA
A Limited Liability Law Company

JEFFREY P. MILLER    7559-0
American Savings Bank Tower
1001 Bishop Street, Suite 2925
Honolulu, Hawaii  96813
Telephone:  (808) 536-2442
Facsimile:  (808) 369-8281
Email:  jeff@millershealaw.com

Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTER TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, *Health & Welfare Fund by its trustees* Glen Kaneshige, Eric Hashizume, Michael Young, Ronald Taketa, Kyle Chock, Blake T. Inouye, Conrad C. Verdugo, Jr., Juan Padasdao, Jr., Travis Murakami; Nathaniel Kinney and Dione Kalaola, <br><br> Plaintiffs, <br><br> vs. <br><br> JOVENCIO B. BESAS, JR., <br><br> Defendant. | CIVIL NO. <br><br> COMPLAINT; SUMMONS |

## COMPLAINT

Plaintiffs above named, by and through their counsel, Miller Shea, and for causes of action against Defendant JOVENCIO B. BESAS, JR. (hereinafter "Besas" or "Defendant"), allege and aver as follows:

1. Plaintiffs identified above are the trustees of the Health & Welfare Trust Fund, which is part of the Hawaii Carpenters Trust Funds (hereinafter referred to collectively as the "Trust Fund" or "Plaintiffs").

2. This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears. Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§185(a), 1145, and 1132(a) and (f).

3. At all times material herein, the above-named Trust Fund was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, the above-named Trust Fund was, and now is, an express trust created by a written agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. §§186) and a multi-employer employee benefit plan within the meaning of the Employee Retirement Income Security Act (29 U.S.C. §§1002).

4. The Trust Fund is informed and believes, and thereon alleges, that at all relevant times herein Defendant Besas was and is a resident of the City and County of Honolulu, State of Hawaii.

5. During all relevant times herein, Plaintiffs are responsible for the collection, accounting, management and distribution of employer contributions and employee benefits pursuant to a Collective Bargaining Agreement ("CBA") executed by Defendant Besas's employer.

6. During all relevant times herein, Defendant Besas was an employee eligible under the CBA as a participant for benefits from the Health and Welfare Fund of the Hawaii Carpenters Trust Funds.

7. On information and belief, Defendant Besas was married to Nicole K. Takemoto-Besas and said spouse received medical benefits from Plaintiffs as a dependent of Defendant Besas.

8. Pursuant to the rules and regulations of the Hawaii Carpenters Health & Welfare Fund, a participant's dependent is eligible for health coverage under the plan. However, the rules and regulations provide that coverage for participant's spouse terminates upon the dissolution of the marriage (page 49 of the Summary Plan Description).

The rules and regulations also specifically state:

3

> "You must inform the Fund, in writing, if a dependent ceases to be eligible for benefits on or before the first day of the month following the month in which eligibility ceased. If you fail to inform the Fund of the dependent's ineligibility, and the plan makes payments for services to the ineligible dependent, <u>you must reimburse the plan for the amount of such payments</u>."

[Emphasis added.]

9. On November 29, 2021, Defendant Besas first informed the Trust Fund that he had divorced his then-spouse, Nicole K. Takemoto-Besas, and provided the Trust Fund with the divorce decree which confirmed that Defendant Besas's final divorce was filed on October 1, 2017, over four years before advising the Trust Fund of said divorce.

10. The Trust Fund subsequently investigated whether benefits had been paid to Defendant Besas's ex-spouse after his October 1, 2017 divorce. Defendant Besas was thereafter advised in writing that his ex-spouse, Nicole K. Takemoto-Besas, utilized the plan after his divorce but before he notified the plan of the divorce during the period of October 1, 2017 through November 29, 2021. The total cost of benefits paid out on behalf of Defendant Besas ex-spouse was $10,293.68. On December 28, 2021, the Trust Fund sent Defendant Besas a notice of the late notification of divorce and the improper utilization of plan benefits, and requested reimbursement.

11. The Trust Fund investigated whether Defendant Besas ex-

spouse had other medical coverage which could reimburse the Trust Fund for the benefits paid by it on behalf of Defendant Besas's ex-spouse. The Trust Fund was unable to locate any other medical coverage for Nicole K. Takemoto-Besas during the October 1, 2017 through November 29, 2021 period from which the Trust Fund might recover reimbursement for benefits paid during this period.

      12. On May 11, 2022, the Trust Fund, through counsel, again requested Defendant Besas reimburse the Trust Fund in the amount of $10,293.68 which was paid on behalf of his ex-spouse during the period in which she was not eligible for benefits. Defendant Besas has refused to reimburse the Trust Fund for these expenses.

      13. Based on the foregoing, the Trust Fund has been damaged in the amount of $10,293.68, plus interest, and such further amounts as may be proven at trial or hearing on proof.

      14. It has been necessary for the Trust Fund to engage counsel for the purpose of collecting amounts owed to them and for reimbursement of benefits paid, the Trust Fund is entitled to reasonable attorneys' fees and costs in connection therewith pursuant to the CBA and 29 U.S.C. §1132(g).

WHEREFORE, the Trust Fund prays for judgment against Defendants as follows:

(a) That the Trust Fund recover from Defendants the principal sum of $10,293.68 and such further amounts as may be proven at trial or hearing on proof.

(b) That the Trust Fund recover from Defendant such additional amounts as may, by proof, be shown to be due and owing at the time of trial or hearing on proof.

(c) That the Trust Fund recover from Defendant their costs of court, disbursements and reasonable attorneys' fees.

(d) That the Trust Fund have such further and additional relief as the Court deems just and proper.

DATED: Honolulu, Hawaii, December 6, 2023.

/s/ Jeffrey P. Miller
JEFFREY P. MILLER
Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
CARPENTERS TRUST FUNDS