IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII CARPENTERS TRUST FUNDS, ET AL., | ) CIVIL NO. 23-00572 WRP )<br>) ORDER GRANTING IN PART AND |
| Plaintiffs, | ) DENYING IN PART PLAINTIFFS'<br>) MOTION FOR ENTRY OF |
| vs. | ) DEFAULT JUDGMENT<br>) |
| JOVENCIO B. BESAS, JR., | )<br>) |
| Defendant. | )<br>) |

ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendant Jovencio B. Besas, Jr., filed on June 4, 2024 (Motion), ECF No. 20.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  See Minute Order, dated 6/7/2024, ECF No. 21. The Court ORDERS that Plaintiffs' Motion be GRANTED IN PART AND DENIED IN PART.[1]

---

[1] Although Defendant did not file a response to the Complaint in this action, Defendant did return a Consent to Jurisdiction by United States Magistrate Judge, which was filed on March 1, 2024.  See Consent, ECF No. 13, at 2. Because Plaintiffs also consented, see id. at 1, this case was assigned to the undersigned pursuant to 28 U.S.C. § 636(c)(1).

BACKGROUND

Plaintiffs filed their Complaint against Defendant on December 6, 2023.  See Compl., ECF No. 1.  The Complaint alleges that Defendant was an employee eligible, along with his dependents, under a collective bargaining agreement for benefits from the Hawaii Carpenters Trust Funds (Funds).  See id. ¶¶ 6-7.  Defendant and his former spouse, Nicole K. Takemoto-Besas, received benefits from the Funds.  See id. ¶ 7.  Pursuant to the Fund's rules and regulations, coverage for a participant's spouse terminates upon the dissolution of the marriage.  See id. ¶ 8.  Additionally, the rules and regulations require eligible employees to inform the Funds in writing if a dependent ceases to be eligible for benefits on or before the first day of the month following the month when eligibility ceased.  See id.  Finally, the rules and regulations provide that if the eligible employee fails to inform the Funds as required and payments for services are made to an ineligible dependent, the employee must reimburse the Funds for the amount of any such payments.  See id.

On November 29, 2021, Defendant informed the Funds that he had divorced his spouse, Nicole K. Takemoto-Besas, and provided a copy of the divorce decree showing that his divorce was finalized on October 1, 2017, more than four years before Defendant informed the Funds of the divorce.  See id. ¶ 9.  Benefits in the amount of $10,293.68 were paid out on behalf of Nicole K.

Takemoto-Besas between the time of the divorce and November 29, 2021.  See id. ¶ 10.  Plaintiffs seek to recover $10,293.68 from Defendant and also request attorneys' fees and costs under the collective bargaining agreement and 29 U.S.C. § 1132(g).  See id. ¶¶ 13-14.  The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on May 30, 2024.  See Entry of Default, ECF No. 18.  The present Motion followed.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  See Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  See Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over this action and personal jurisdiction over Defendant.  See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be

3

successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims. See 29 U.S.C. §§ 185(a), 1132, 1145. The Court has personal jurisdiction over Defendant because Plaintiffs allege that Defendant is a Hawaii resident and served by certified mail. See Compl, ECF No. 1, ¶ 4; Aff. of Service, ECF No. 16.

### B.  Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate. The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;
(2) the merits of plaintiff's substantive claim;
(3) the sufficiency of the complaint;
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect; and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See Eitel, 782 F.2d at 1471-72 (the Eitel factors).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)). The allegations as to liability are deemed

true, but the plaintiff must establish the relief to which it is entitled.  See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

### 1.    The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without any other recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

### 2.    Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, the allegations in Plaintiffs' Complaint, taken as true, establish that Plaintiffs are entitled to default judgment against Defendant.

Under Section 502(a)(3) of ERISA, a fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of

5

the plan." 29 U.S.C. § 1132(a)(3). This provision authorizes only "those categories of relief that were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." Mertens v. Hewitt Assocs., 508 U.S. 248, 256 (1993). Equitable restitution under "ERISA is available where the defendant 'actively and deliberately' misleads the plaintiff to the plaintiff's detriment." Northwest Adm'rs, Inc. v. Cutter, 328 Fed. Appx. 577, 578 (9th Cir. 2009) (holding that equitable restitution was available for medical benefits paid for a woman who the defendant misrepresented as his wife).

Here, Defendant wrongfully represented that Nicole K. Takemoto-Besas was eligible for benefits as his spouse under his health plans after they were divorced. See Compl., ECF No. 1, ¶ 9. Defendant's misrepresentation resulted in the improper payment of $10,293.68 in health benefits for Nicole K. Takemoto-Besas' medical treatment. See id. ¶ 10. Those payments were "ill gotten gains." See Mertens, 508 U.S. at 260. The Court finds that Plaintiffs' allegations, taken as true, are sufficient to establish that they are entitled to judgment against Defendant for equitable restitution. Accordingly, this factor weighs in favor of default judgment.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion. The Court finds that

the sufficiency of the Complaint weighs in favor of default judgment.

### 4.  Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).  Here, Plaintiffs seek $10,293.68 for health benefits that were improperly paid out on behalf of Nicole K. Takemoto-Besas.  Plaintiffs' request is tailored to Defendant's specific wrongful conduct in misrepresenting that he was married to Nicole K. Takemoto-Besas from October 2017 to November 2021.  The Court finds that this factor weighs in favor of default judgment.

### 5.  Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18.  Defendant has been given a fair opportunity to defend this action and has not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6.  Whether Default was Due to Excusable Neglect

Plaintiffs served Defendant on May 4, 2024. See Aff. of Service, ECF No. 16.  Defendant did not file a response to Plaintiffs' Complaint or respond to Plaintiffs' request for entry of default, which Defendant was served with by mail

7

on May 29, 2024.  See Cert. of Service, ECF No. 17-4.  In addition, Plaintiffs served Defendant with notice of the Motion on June 10, 2024.  See Cert. of Service, ECF No. 22.  Despite ample notice of this lawsuit and Plaintiffs' intent to seek default judgment, Defendant has not appeared in this matter to date.  The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7. Policy Favoring Decisions on the Merits

Defendant's default renders a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendant has failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendant.

### 8. Totality of Eitel Factors

Accordingly, the Court finds that the totality of the Eitel factors weighs in favor of entering default judgment against Defendant.

## C. Remedies

Although Defendant's default establishes liability, it does not establish all relief to which Plaintiffs are entitled. See Fair Hous. of Marin, 285 F.3d at 906. Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Here, Plaintiffs request an award for improperly paid medical benefits and an award of attorneys' fees and costs. See Mot., ECF No. 20, at 3.

### a. Reimbursement for Medical Benefits

Plaintiffs request $10,293.68 as reimbursement for improperly paid medical benefits. See Mot., ECF No. 20, at 3. Plaintiffs contend that Defendant wrongfully obtained health benefits for Nicole K. Takemoto-Besas in the amount of $10,293.68. In support of this contention, Plaintiffs submitted the declaration of Angie Cresencia, a benefits supervisor for the administrator of Plaintiffs. See Decl. of Angie Cresencia, ECF No. 20-6. The Court finds that Plaintiffs have established that they are entitled to an award against Defendant in the amount of $10,293.68.

### b. Attorneys' Fees and Costs

Plaintiffs argue that that they are entitled to an award of attorneys' fees and cost in the amount of $5,181.97 under the collective bargaining agreement

9

and pursuant to 29 U.S.C. § 1132.  See Mot., ECF No. 20-1, at 9-10.  Although Plaintiffs allege that the collective bargaining agreement allows for the recovery of attorneys' fees against Defendant, Plaintiffs do not reference a specific provision or section of the collective bargaining agreement that would allow for an award of fees against Defendant, a beneficiary, in this case.  Further, Plaintiffs did not provide a copy of the collective bargaining agreement at issue for the Court to review.  The Court finds that Plaintiffs have failed to demonstrate that they are entitled to an award of attorneys' fees based on the collective bargaining agreement.

Plaintiffs alternatively argue that they are entitled to attorneys' fees pursuant to 29 U.S.C. § 1132(g).  See id.  The Court rejects Plaintiffs' argument that an award of fees in "mandatory" in this case.  See Mot., ECF No. 20-1, at 9-10.  An award of fees is only mandatory under subsection 1132(g)(2), which specifically covers actions to recover delinquent contributions from employers under Section 1145, which is not at issue in this case.  See 29 U.S.C. § 1132(g)(2).  Although subsection 1132(g)(1) permits the court "in its discretion" to award reasonable attorney's fees in other actions by a fiduciary, Plaintiffs make no arguments as to why the Court should exercise its discretion under this provision.  Under Ninth Circuit case law, the Court must evaluate whether an award of fees in appropriate in equitable actions under ERISA using the factors outlined in

Hummell v. S. E. Rykoff & Co., 634 F.2d 446 (9th Cir. 1980).  See Carpenters Health & Welfare Tr. for S. California v. Vonderharr, 384 F.3d 667, 674 (9th Cir. 2004).  Namely, the Court must consider (1) the degree of Defendant's culpability or bad faith; (2) the ability of Defendant to satisfy an award of fees; (3) whether an award of fees against Defendant would deter others from acting under similar circumstances; (4) whether Plaintiffs sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.  See Hummell, 634 F.2d at 453.  However, the Ninth Circuit has also cautioned that there is a "general disfavoring of attorney fee awards in ERISA cases."  San Francisco Culinary, Bartenders and Service Employees Welfare Fund v. Lucin, 76 F.3d 295, 297 (9th Cir. 1996).

Although the Court has found in favor of Plaintiffs, there is no indication of bad faith on Defendant's part.  Plaintiffs do not provide any details regarding the circumstances under which Defendant notified the Plan regarding his divorce or any reason that Defendant may have provided for not giving notice sooner.  The Court finds that this factor is neutral.  Based on the Declaration of Plaintiffs' counsel, Defendant has communicated to Plaintiffs' counsel that he is unable to pay the amount owed to Plaintiffs, which weighs against an award of fees against Defendant.  See Decl. of Counsel, ECF No. 20-2, ¶ 6.  There is no

11

indication that an award of fees in this action would deter others from similar conduct in the future.  By bringing this action, Plaintiffs are enforcing the terms of the Plan, but this litigation is not a matter of first impression or a significant issue under ERISA.  Regarding the merits, Plaintiffs' position is supported by the plain language of the Plan; it is undisputed that Defendant did not notify the Funds as required and has not offered any explanation for his failure to do so in this litigation.  Considering these factors, the Court finds that Plaintiffs are not entitled to an award of fees and costs.  See PECA-HEW Annuity Fund by Kim v. Saul Dongwan Yu, No. CV 08-00027 SPK-KSC, 2009 WL 10676562, at *6 (D. Haw. Feb. 3, 2009) (declining to award fees against the beneficiary defendant where the plaintiff prevailed in equitable ERISA action seeking reimbursement for overpayment of benefits).  The lack of evidence regarding Defendant's bad faith and the fact that he has already communicated to Plaintiffs' counsel that he is unable to reimburse the Plan for the $10,293.68 in medical benefits, let alone the additional $5,181.97 requested in fees and costs, suggest to the Court that an award of fees and costs against Defendant in favor of Plaintiffs would be unjust.  The Court declines to exercise its discretion to award attorneys' fees in this action.

## CONCLUSION

Plaintiffs' Motion for Entry of Default Judgment against Defendant is GRANTED IN PART AND DENIED IN PART as follows:

(1) Plaintiffs' request for default judgment against Defendant Jovencio B. Besas, Jr. is GRANTED;

(2) Plaintiffs are AWARDED damages in the amount of $10,293.68 against Defendant Jovencio B. Besas, Jr.;

(3) Plaintiffs' request for attorneys' fees and costs is DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, AUGUST 6, 2024.



Wes Reber Porter
United States Magistrate Judge

**HAWAII CARPENTERS TRUST FUNDS, ET AL., v. BESAS; CIVIL NO. 23-00572 WRP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**